UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

SHAWN MARSHAL, a/k/a Devon
Smith,
            *Defendant-Appellant.*

No. 01-4970

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-170)

Submitted: June 27, 2002

Decided: July 15, 2002

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

A. Wayne Harrison, Sr., LAW OFFICES OF A. WAYNE HARRI-
SON, Greensboro, North Carolina, for Appellant. Anna Mills Wag-
oner, United States Attorney, Sandra J. Hairston, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Shawn Marshal pled guilty to possession with intent to distribute cocaine hydrochloride and possession with intent to distribute cocaine base, both in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2002). He also pled guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000). Marshal was sentenced to 345 months of imprisonment, to be followed by five years of supervised release.

On appeal, Marshal asserts that the district court erred in determining the drug amount attributable to him at sentencing. We review this finding for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). The Government must prove drug quantity at sentencing by a preponderance of the evidence, and the defendant must be given the opportunity to rebut such evidence. *Id.* In resolving disputes over drug amounts, the court may consider any relevant information that has sufficient signs of reliability to support its likely accuracy. *United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992). The court is not limited to evidence admissible at trial. *U.S. Sentencing Guidelines Manual* § 6A1.3 (2000). Even hearsay alone can provide sufficiently reliable evidence of drug quantity. *Randall*, 171 F.3d at 210.

Almost three pounds of crack cocaine were found in the bedroom closet of an apartment rented to Nyoke Sampson. A detective testified that Sampson stated she and Marshal shared the apartment and the bedroom closet, where detectives also found a large sum of cash, firearms, and a small quantity of cocaine hydrochloride. The closet also contained identification cards in different names. Some of those cards, as well as a Tennessee birth certificate, were in the name of Tony Allenton. When Marshal was arrested, he possessed identification in the name of Tony Allenton. Marshal had also rented a U-Haul

in the name "Tony Allenton" and was seen with the U-Haul at the apartment. Further, Marshal used the name "Tony Allenton" on a hotel registration, and his picture was on at least one of the IDs in the closet. The court found that this evidence corroborated Sampson's statements, and we conclude that the court's findings were not clearly erroneous.

Accordingly, we affirm Marshal's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*